# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **JORGE MARQUEZ-MORALES** <br> **A044762001** | **CIVIL ACTION NO. 09-411** <br> **SECTION P** |
| VS. | JUDGE MINALDI |
| **ERIC H. HOLDER, JR.** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 on March 11, 2009, by *pro se* petitioner Jorge Marquez-Morales. Petitioner is an immigration detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement (DHS/ICE). He is presently detained at the Federal Detention Center, Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

### *Statement of the Case*

Petitioner was born in Mexico in 1979 and states that his father became a United States citizen in 1989. Petitioner claims that he is a derivative citizen of the United States based on his father's naturalization. He has presented this claim of derivative citizenship to the Board of Immigration Appeals without success and also filed a motion to reconsider the Board's December 11, 2008 findings. In sum, petitioner contended that there was error in the Board's failure to consider his potential eligibility based on his derivative citizenship claim. In denying the motion to reconsider, the Board stated that the evidence indicated that petitioner's father was not naturalized as a U.S. citizen until March 18, 1988, and was thus not a U.S. citizen at the time

of petitioner's birth. Therefore, his father could not transmit citizenship to petitioner. Accordingly, the Board found there was no error in prior decision.

Through this § 2241 petition, petitioner states that he is not "directly challenging his removal order." However, he seeks judicial review of this issue and immediate release upon the determination of his derivative citizenship claim.

*Law and Analysis*

At the outset, this court must consider whether it has jurisdiction to review petitioner's challenge to his removal order.

On May 11, 2005, the President signed into law the "REAL ID Act of 2005." (Pub. L. No. 109-13, Div. B, 119 Stat. 231). Section 106(a) of the REAL ID Act of 2005 amends the Immigration and Nationality Act (INA) § 242(a) (8 U.S.C. § 1252) to provide that a petition filed in the appropriate court of appeals in accordance with § 242 is the sole and exclusive means for obtaining judicial review of an order of removal and that a petition for writ of *habeas corpus* is not an appropriate vehicle for challenging a removal order.[1] These jurisdictional amendments became effective on May 11, 2005. INA § 106(b).

It is therefore clear that this court lacks jurisdiction to consider this *habeas corpus* petition which, in actuality, challenges petitioner's order of removal.

---

[1] Section 106(a)(1)(A)(iii) of the Act added the following language to INA §242(a):

> (5)EXCLUSIVE MEANS OF REVIEW – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and section 1361 and 1651 of such title, <u>a petition filed in the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act,</u> except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

*Conclusion*

**IT IS RECOMMENDED** that the petition for writ of *habeas corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed in Chambers in Lake Charles, Louisiana, on this 11th day of May, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE